IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00955-NRN

YOFRAN RAFAEL CAMMARAN-FARFAN,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility;
ROBERT HAGAN, Field Office Director, Denver Field Office, United States Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,[1] in his official capacity as Secretary of U.S. Department of Homeland Security;
PAMELA JO BONDI, United States Attorney General, in their official capacities,

     Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

     This case is before the Court on Yofran Rafael Cammaran-Farfan's ("Petitioner")

Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a

detainee at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at ¶

8. He contends that the Respondents are improperly subjecting him to mandatory

detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his

detention. Because this is a fundamentally legal debate, there is no need for a hearing

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security, has automatically been substituted as a party to this action.

on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi,* No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Petitioner asks that he be immediately released from unlawful detention. ECF No. 1 at ¶ 7.

Petitioner is a Venezuelan national who entered the United States without inspection on or about September 20, 2023, and was released on his own recognizance. *Id.* ¶ 17. He and his wife had a pending affirmative asylum application with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* However, on January 18, 2026, while he was driving to work, the Department of Homeland Security ("DHS") arrested him without a warrant and placed him into removal proceedings through the

issuance of a Notice to Appear ("NTA"). *Id.* He has been detained, separated from his wife and three minor children, without a bond hearing since that time. *Id*.

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 6. He asks to be released immediately because he claims that "there is ample evidence and reporting that immigration judges are regularly flouting habeas rulings by denying bond based on 'flight risk' rather than expressly denying . . . ." *Id*. ¶ 30.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as several other judges in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Indeed, Respondents concede

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 9 at 3.

### ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody

bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's

4

detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").[2]

Moreover, the Court rejects Respondents' reliance on the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026). As this Court has repeatedly held, the Fifth Circuit's decision is not binding authority in this District, and, as to persuasiveness, the Court respectfully finds in Judge Douglas's dissent a more rigorous and compelling legal analysis of the relevant statutory provisions. *See also Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026) (explaining in detail why *Buenrostro-Mendez* does not compel a contrary outcome).

Petitioner asks for immediate release because "requesting a bon[d] hearing would be fruitless, as there are indications of blanket denials of bond hearings before immigration judges in Colorado." ECF No. 1 ¶ 30. That has not been the experience of this judicial officer. Until a record of such blanket denials is more fully developed and substantiated, the Court concludes that an immigration judge is better suited to consider whether Petitioner poses a flight risk or danger to the community. *See Abanil*, 2026 WL 100587, at *7. At the bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See id.* at *8 ("[T]the weight of authority in this District is clear: it is the Government's burden to 'justify[ ] a noncitizen's continued detention at a

---

[2] The Court need not address Petitioner's other arguments or claims for relief. *See Hernandez v. Baltazar*, No. 26-cv-0276-WJM-TPO, 2026 WL 304362, at *1 n.1 (D. Colo. Feb. 5, 2026) ("Because the Court concludes that section 1226(a) controls here, it need not base its Order on whether Alvarez Hernandez's other arguments are availing."); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

bond hearing.'") (quoting *Arauz v. Baltazar,* No. 25-cv-03260-CNS, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025)); *Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("During such [bond] hearing, the Respondents bear the burden of justifying detention.").

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 17. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows.

It is further **ORDERED** that

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

6

2) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

3) Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: March 18, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge